UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-88-3F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SABRINA ROYAL, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Motion to Amend Judgment [DE-86] filed by Defendant. Specifically, Defendant requests that the judgment be amended so that her "participation in the Inmate Financial Responsibility Program (IFRP) is not required while incarcerated" or that a "fixed payment for the remainder of the assessment and restitution be ordered to commence 90 days after [her] release from the Federal Bureau of Prisons at the rate of $25.00 per quarter[.]"

Participation in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP") is voluntary. *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010). In fact, an "inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences." *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008). These consequences may include exclusion from the UNICOR prison job training program, furloughs, higher commissary spending limits, access to higher-status housing, and access to community-based programs. *See* 28 C.F.R. § 545.11(d).

Here, the court's judgment does not require Defendant to participate in the IFRP nor does it obligate her to make specific monthly payments under the program. In fact, the court's judgment states, in pertinent part, that "if the defendant is unable to pay the RESTITUTION & SPECIAL ASSESSMENT in full immediately, the special assessment and restitution *may* be paid through the

Inmate Financial Responsibility Program." *See* [DE-78], Judgment, p. 6 (emphasis added). Therefore, the court has no reason to modify its judgment.

Moreover, to the extent that Defendant is requesting that the court amend the payment amount and schedule as determined by the IFRP, the court lacks the authority to do so. "[T]he amount an inmate must pay under IFRP is a matter entrusted to the Executive Branch, and '[c]ourts are not authorized to override the [BOP's] discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation.'" *United States v. Rush*, No. 10-246(CKK), 2012 WL 1185903, at *3 (D.D.C. Apr. 10, 2012). Accordingly, Defendant's *pro se* Motion to Amend Judgment [DE-86] is **DENIED**.[1]

SO ORDERED.

This the 13th day of June, 2012.

                                */s/ James C. Fox*
                                JAMES C. FOX
                                Senior United States District Judge

---

[1] Defendant may wish to resolve this issue with prison officials or bring as a petition for a writ of habeas corpus in the district in which she is incarcerated pursuant to 28 U.S.C. § 2241. *See United States v. Honesty*, No. 07-155(PLF), 2010 WL 348021, at *2 (D.D.C. Jan. 29, 2010).